# IN THE UNITED STATES COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | |
|---|---|
| DANIEL LOPEZ, JR. and ELIZABETH LOPEZ § § § | |
| v. § | Civil Action No. 5:18-cv-00044 |
| § | |
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE STRUCTURED ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OPTI-1 § § § § § | |

## NOTICE OF REMOVAL

COMES NOW Defendant, WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE STRUCTURED ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OPTI-1 ("Wells Fargo" or "Defendant"), pursuant to the provisions of 28 U.S.C. § 1332 and 1446, and hereby gives notice of the removal of this action from the District Court of Webb County, Texas, to the United States District Court, Southern District of Texas, Laredo Division. In support of this notice of removal, Wells Fargo shows unto the Court as follows:

**I. INTRODUCTION**

1.  Plaintiffs, Daniel Lopez, Jr. and Elizabeth Lopez ("Plaintiffs"), commenced this action by filing a complaint in the 406th District Court of Webb County, Texas, Cause Number 2018CVG000631D4, on or about April 3, 2018 (the "Complaint").

AUS-6495327-1

2

2.  Plaintiffs' Complaint asserts five counts against Wells Fargo.[1] A true and correct copy of the Complaint is attached hereto as **Exhibit B-2**.

3.  Plaintiffs seek an injunction to stop a noticed foreclosure sale. Plaintiffs also pursue damages for wrongful foreclosure.

4.  Defendant Wells Fargo invokes this Court's diversity jurisdiction, because the parties are diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.  All of the records from the state docket, Cause No. 2018CVG000631D4 in the 406th District Court of Webb County Texas, have been ordered and will be supplemented once they are received. The Index of the State Court is attached hereto as **Exhibit B**. The Complaint is the second document in the State Court's docket and is attached hereto as **Exhibit B-2**.

## II. DIVERSITY JURISDICTION EXISTS OVER THIS ACTION

6.  This court has original jurisdiction over this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States."[2]

### A. *The Parties Are Diverse*

7.  The Complaint alleges that Plaintiffs are citizens of Texas based on Plaintiffs' domicile, as Plaintiffs reside in Texas.[3]

---

[1] *Complaint* ¶¶ 9-36.
[2] 28 U.S.C. § 1332(a)(1).
[3] *See Complaint* ¶ 3; *Miss. Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48, 109 (1989) ("For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.").

8. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business.[4]

9. For the purposes of diversity jurisdiction, the United States Supreme Court in *Wachovia Bank v. Schmidt* has held that a national bank is a citizen of the state in which its main office is located.[5]

10. Wells Fargo is a national association organized and existing under the laws of the United States, with its main office located in Sioux Falls, South Dakota. Wells Fargo is a citizen of the State of South Dakota. Consequently, Wells Fargo is not a citizen of the State of Texas.

11. As such, there is complete diversity of citizenship between the parties.

### B. The Amount in Controversy Exceeds $75,000

12. The amount in controversy with respect to Plaintiffs' claims exceeds $75,000.[6] Plaintiffs have alleged that they seek "monetary relief in excess of $65,000.00."[7] However, this statement is not in compliance with Tex. R. Civ. P. 47 in that it fails to affirmatively state that Plaintiffs seek "only monetary relief of $100,000 or less" or "monetary relief of $100,000 and non-monetary relief" so that a court can easily ascertain whether the amount in controversy meets the threshold for removal.[8] Plaintiffs assert that they seek damages "in excess of $65,000," which assertion does not meet the requirements of Rule 47 and fails to guide the Court in determining whether the amount in controversy exceeds the threshold for removal.

13. In determining the amount in controversy, the district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional

---

[4] *See* 28 U.S.C. § 1332(c)(1).
[5] 546 U.S. 303 (2006).
[6] *See* U.S.C. § 1332(a) and *Complaint* ¶ 23.
[7] *Complaint* ¶ 37.
[8] Tex. R. Civ. P. 47.

amount.[9] In this context, district courts are permitted to conduct a "reasonable and common-sense analysis of the allegations in the plaintiff's petition."[10]

14. In the Complaint, Plaintiffs seek an injunction to prevent a foreclosure sale,[11] seek monetary damages for wrongful foreclosure,[12] and assert that the value of the property is $319,540.00.[13]

15. When a borrower seeks an injunction to prevent the foreclosure sale of a property, then the ***amount in controversy is the value of the property*** at issue. As the Fifth Circuit has routinely held,

> In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. The purpose of the injunctive and declaratory relief, to stop the foreclosure sale of the properties by [Lenders], establishes the properties as the object of the present litigation. As this court has explained, the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented. Borrowers' claimed injury was the potential loss of use and ownership of the properties. In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; ***the value of that property represents the amount in controversy***.[14]

Even when the borrower asserts a lesser amount in controversy than the value of the property, the actual amount in controversy when a borrower sues to obtain an injunction to prevent foreclosure is the value of the property to be sold.[15]

---

[9] *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995)
[10] *Mosely v. Wal–Mart Stores Texas LLC,* 2011 WL 1532386, at *3 (N.D. Tex. April 21, 2011) ("this is one of those cases where the application of common sense and logic must prevail; otherwise an absurd result occurs"); *Allen*, 63 F.3d 1335 ("common sense" may guide a court's analysis).
[11] *Complaint* ¶ 42-52.
[12] *Complaint* ¶ 27-36.
[13] *Complaint* ¶35.
[14] *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (internal quotations omitted) (emphasis added).
[15] *Buttelman v. Wells Fargo Bank, N.A.*, No. 5:11-CV-00654-XR, 2011 WL 5155919, at *3–4 (W.D. Tex. Oct. 28, 2011).

16. In this case, Plaintiffs seek an injunction to prevent the sale of a property they assert is valued at $319,540.00.[16] The amount in controversy for the application for injunctive relief is $319,540.00 and far exceeds the minimum threshold for removal.

17. Likewise, when a plaintiff asserts a claim for wrongful foreclosure, then the amount in controversy is the value of the property.[17] In this case, Plaintiffs assert a claim for wrongful foreclosure of a property that Plaintiffs assert is valued at $319,540.00.[18] Therefore, the amount in controversy for the wrongful foreclosure claim is $319,540.00 and far exceeds the minimum threshold for removal.

18. Plaintiffs also seek monetary damages for breach of contract, fraud, and violations of Chapter 392 of the Texas Finance Code, as well as a suit to quiet title and trespass to try title. However, either the application for injunctive relief or the wrongful foreclosure claim is sufficient to meet the minimum threshold of amount in controversy for removal.

### III. ADOPTION AND RESERVATION OF DEFENSES

19. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Wells Fargo's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Federal Rule of Civil Procedure 12 or the Texas Rules of Civil Procedure, any state or federal statute, or otherwise.

---

[16] *Complaint* ¶35.
[17] *Tu Nguyen v. Bank of Am., N.A.*, 516 F. App'x 332, 334 (5th Cir. 2013).
[18] *Complaint* ¶35.

**IV. TIMING OF REMOVAL**

20.     This removal is timely because it is being filed within thirty (30) days of service of Plaintiffs' Complaint on Wells Fargo.[19] The Complaint was filed on March 29, 2018. As of April 9, 2018, no citation has been ordered. Plaintiffs emailed a copy of the unfiled petition and the executed Temporary Restraining Order to foreclosure counsel for Wells Fargo on April 3, 2018. Therefore, this removal is timely.

**V. ADDITIONAL PROCEDURAL REQUIREMENTS**

21.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

22.     True and correct copies of "all process, pleadings, and orders" from the State Court have been requested and will be supplemented to the Court pursuant to 28 U.S.C. § 1446(a). The Complaint is attached hereto as **Exhibit B-2**. There has been no other process, pleadings, or orders served upon Wells Fargo to date in this case.

23.     Wells Fargo has heretofore sought no similar relief.

24.     Venue is proper in this district under 28 U.S.C. §1466(d) because the United States District Court for the Southern District of Texas, Laredo Division is the court embracing the State Court where this action is pending in state court.

25.     Wells Fargo has provided written notice of the filing of this Notice of Removal to all parties in this action and is filing a copy of this Notice of Removal with the clerk of the State Court where the action is pending pursuant to 28 U.S.C. § 1446(d).

26.     Wells Fargo reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

---

[19] *See* 28 U.S.C. 1446.

AUS-6495327-1

**WHEREFORE, PREMISES CONSIDERED,** WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE STRUCTURED ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OPTI-1 prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the 406th District Court for Webb County, Texas, to the United States District Court for the Southern District of Texas, Laredo Division.

    Respectfully submitted,

    HUSCH BLACKWELL LLP

    By: */s/ Sabrina A. Neff*
    Sabrina A. Neff
    TBN# 24065813
    1800 Bering Dr., Suite 750
    Houston, Texas 77057
    (713) 647-6800 – Telephone
    (713) 647-6884 – Facsimile
    sabrina.neff@huschblackwell.com

    ATTORNEYS FOR DEFENDANT
    WELLS FARGO BANK, N.A., AS TRUSTEE FOR
    THE STRUCTURED ASSET SECURITIES
    CORPORATION, MORTGAGE PASS-THROUGH
    CERTIFICATES, SERIES 2006-OPTI-1

OF COUNSEL:

HUSCH BLACKWELL, LLP
1800 Bering Dr., Suite 750
Houston, Texas 77057
(713) 647-6800 – Telephone
(713) 647-6884 – Facsimile

AUS-6495327-1

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Notice of Removal has been served upon the following on this the 10th day of April 2018:

Robert C. Newark, III  *Via email: office@newarkfirm.com*
A Newark Firm
1341 W. Mockingbird Lane, Suite 600W
Dallas, Texas 75247

*Attorneys for Plaintiffs*

By: */s/ Sabrina A. Neff*
Sabrina A. Neff