UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| DANIEL LOPEZ, JR., *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 5:18-CV-44 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion for Summary Judgment (Dkt. No. 19). Having carefully considered the parties' submissions, the record evidence, and the applicable law, Defendant's motion is **GRANTED**.

I. BACKGROUND

Plaintiffs Daniel and Elizabeth Lopez obtained a mortgage loan in 2006 for $213,592 (Dkt. No. 19-3). Under the terms of the loan, Plaintiffs had to make monthly payments until the loan was repaid (*id.* at 2). To secure the loan, Plaintiffs executed a deed of trust for their property at 3308 Begay Court in Laredo (Dkt. No. 19-4). The original lender, Option One Mortgage Corporation, assigned the deed of trust to Defendant Wells Fargo Bank on August 4, 2017 (Dkt. No. 19-5).

Meanwhile, in early 2017, Plaintiffs stopped making payments on the loan (Dkt. No. 19-9 at 4). They were sent a "Notice of Default," giving them 35 days to pay the past-due amount and advising them that otherwise their property could be foreclosed on (Dkt. No. 19-6 at 4–5). When Plaintiffs did not resume making payments, they were sent additional notices that outlined alternatives to foreclosure

1

(Dkt. Nos. 19-7, 19-8). Yet Plaintiffs did not pay their arrears or resume making payments (Dkt. No. 19-9 at 5).

Then in early 2018, Defendant sent Plaintiffs a notice that their property would be sold at a foreclosure sale (Dkt. Nos. 1-3 at 2, 19-1 at 2). In response, Plaintiffs filed this lawsuit in state court, which temporarily stayed the sale (Dkt. No. 1-3). In their petition, Plaintiffs assert claims for wrongful foreclosure, quiet title, trespass to try title, breach of contract, and fraud (*id.*). Defendant removed to federal court on the basis of diversity jurisdiction (Dkt. No. 1) and now moves for summary judgment (Dkt. No. 19). Plaintiffs have not filed a response.

## II. LEGAL STANDARD

Summary judgment is appropriate when the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is material that "might affect the outcome of the suit under governing law," and a fact issue is genuine when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018).

More specifically, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and identifying evidence in the record that "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1968). When the movant satisfies this burden, the non-moving party cannot "rest[ ] on the mere allegations of [their] pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). Rather, they must "identify

2

specific evidence in the record, and articulate the 'precise manner' in which that evidence supports their claim." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (cleaned up). "A party cannot defeat summary judgment with 'conclusory allegations,' 'unsubstantiated assertions,' or 'only a scintilla of evidence.'" *Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 946 (5th Cir. 2019).

When, as here, the nonmovant fails to respond to a summary judgment motion, the Court may "accept[ ] the [movant's] statement of facts as uncontroverted." *Flores v. United States*, 719 F. App'x 312, 316 (5th Cir. 2018) (citing *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006)). In other words, "default summary judgments" are not appropriate, but the Court may "accept the movant's evidence as undisputed if the nonmovant fails to file a response." *Gen. Elec. Capital Corp. v. Daniel Sandoval Trucking, Inc.*, No. 5:10-CV-024-C, 2011 WL 1322948, at *3 (N.D. Tex. Apr. 1, 2011).

### III. ANALYSIS

As a threshold matter, Defendant's summary judgment motion primarily argues that Plaintiffs have failed to state a claim as a matter of law (Dkt. No 19-1). "[W]hile failure to state a claim usually warrants dismissal under Rule 12(b)(6), it may also serve as a basis for summary judgment." *Martin v. Lennox Int'l Inc.*, 342 F. App'x 15, 17 (5th Cir. 2009) (quoting *Whalen v. Carter*, 954 F.2d 1087, 1098 (5th Cir. 1992)). In such a case, the failure to state a claim is generally the "'functional equivalent' of the failure to raise a genuine issue of material fact." *Gilbert v. Outback Steakhouse of Fla., Inc.*, 295 F. App'x 710, 713 (5th Cir. 2008). The Court evaluates

a summary judgment motion challenging the sufficiency of a pleading "much the same as a 12(b)(6) motion to dismiss." *Id.* "[B]oth standards reduce to the same question, specifically, if, accepting all alleged facts as true, the plaintiffs' complaint nevertheless failed to state a claim." *Taplin v. Wells Fargo Bank, N.A.*, No. 3:17-CV-3404-M-BN, 2018 WL 6933153, at *6 (N.D. Tex. Nov. 28, 2018), *adopted by*, 2019 WL 112103 (N.D. Tex. Jan. 4, 2019).

## A. Wrongful Foreclosure

Plaintiffs assert that Defendant's anticipated foreclosure sale is wrongful because "proper notice and right to cure was not given as required by Section 51.002 of the Texas Property Code" (Dkt. No. 1-3 at 4). Under Texas law, however, an "*attempted* foreclosure will not support a wrongful foreclosure claim." *Cyrilien v. Wells Fargo Bank, N.A.*, No. CIV.A. H-10-5018, 2012 WL 2133551, at *2 n. 1 (S.D. Tex. June 11, 2012) (emphasis added). The property in question must have been sold already at a foreclosure sale. *Suarez v. U.S. Bank Tr. Nat'l Ass'n as Tr. of CVI LCF Mortg. Loan Tr. I*, No. SA-18-CV-00849-OLG, 2019 WL 1048854, at *7 (W.D. Tex. Mar. 4, 2019), *adopted by*, 2019 WL 2565268 (W.D. Tex. Apr. 12, 2019). It is undisputed that no foreclosure sale has occurred in this case, and therefore Plaintiffs' claim fails as a matter of law. *See, e.g.*, *Tabor v. Wells Fargo Bank, N.A.*, No. 1:19-CV-192-LY-SH, 2019 WL 4724033, at *6 (W.D. Tex. Sept. 26, 2019) (dismissing wrongful foreclosure claim because "no foreclosure sale has occurred").

## B. Quiet Title

Plaintiffs allege that Defendant "clouded Plaintiffs' title by committing various acts and omissions ... including the filing of documents with the Webb County Clerk's Office stating Lender is the Lender [*sic*] of the note and mortgage when in fact they are not" (Dkt. No. 1-3 at 2). To prevail on a quiet title action under Texas law, the plaintiffs must show that: (1) they have a "right, title, or ownership in real property"; (2) the defendant has asserted a "cloud," meaning an "outstanding claim or encumbrance," on the property; and (3) the claim or encumbrance is invalid. *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014). Plaintiffs must "allege sufficient facts to establish the superiority of [their own] title to the property" and may not rely merely on the "weakness of [their] adversary's title." *Id.*

The record shows that Plaintiffs stopped making payments on their mortgage loan in early 2017 (Dkt. No. 19-9 at 4). As a result, they cannot establish the superiority of their own title to the property. *Lopez v. Sovereign Bank, N.A.*, Civ. A No. H-13-1429, 2014 WL 1315834 at *5 (S.D. Tex. Mar. 31, 2014) (holding that quiet title claim cannot be maintained by homeowner in default on mortgage loan). The record also belies Plaintiffs' assertion that Defendant's claim to the property is invalid. Plaintiffs executed a deed of trust in favor of Option One Mortgage Corporation (Dkt. No. 19-4), which in turn assigned the deed to Defendant (Dkt. No. 19-5). Accordingly, Defendant is entitled to judgment as a matter of law. *See, e.g., Morlock, L.L.C. v. Bank of Am., N.A.*, No. CIV.A. H-12-0364, 2012 WL 1640895, at *4 (S.D. Tex. May 8, 2012) (dismissing quiet title claim where valid assignment of deed

negated plaintiff's allegation of superior title), *adopted by*, WL 13059499 (S.D. Tex. June 28, 2012).

## C. Trespass to Try Title

Plaintiffs ask the Court to determine their "title to the property, and right to possess it, under Civ. Prac. & Rem. Code Chapter 22" (Dkt. No. 1-3 at 4).[1] A trespass to try title action is a method for resolving competing claims to real property. TEX. PROP. CODE § 22.001(a). The action is "in the nature of a suit to recover the possession of land unlawfully withheld from the owner and to which [the owner] has the right of immediate possession." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp.2d 747, 767 (N.D. Tex. 2012). As with a quiet title action, Plaintiffs "must prove and recover on the strength of [their] own title, not the weakness of [their] adversary's title." *Tabor*, 2019 WL 4724033, at *2. It follows that Plaintiff may not prevail on a trespass to try title action without paying the amount due on a mortgage loan. *Frank v. Wells Fargo Bank, N.A.*, No. CV 1:12-110, 2012 WL 13059515, at 7 (S.D. Tex. Aug. 14, 2012).

As explained above, the uncontroverted record shows that Plaintiffs are in default on their loan and that Defendant validly possesses a deed of trust to the property. Plaintiffs have not identified any contrary evidence of superior title. Therefore, Plaintiffs' claim fails as a matter of law. *See, e.g., Olaoye v. Wells Fargo Bank, N.A.*, 2012 WL 1082307, at *4 (N.D. Tex. Apr. 2, 2012) (dismissing trespass to

---

[1] Presumably, Plaintiffs meant to cite Chapter 22 of the Texas Property Code, which governs trespass to try title actions, TEX. PROP. CODE § 22.001 *et seq.*, rather than Chapter 22 of the Texas Civil Practices and Remedies Code, which governs witness fees, subpoenas, and other trial matters, TEX. CIV. PRAC. & REM. CODE § 22.001 *et seq.*

try title claim because plaintiff did not establish "superior title to the mortgage property").[2]

**D. Breach of Contract**

Plaintiffs assert that "Defendant's failure to properly notice Plaintiffs [about the anticipated foreclosure sale] violated multiple paragraphs of the Deed of Trust executed between Plaintiffs and Original Lender and further violate[d] Chapter 392 of the Texas Finance Code" (Dkt. No. 1-3 at 4). Under Texas law, the elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiffs; (3) breach of the contract by the defendant; and (4) damages as a result of the breach. *Tabor*, 2019 WL 4724033, at *3 (citing *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018)).

The allegations in Plaintiffs' petition do not establish that Defendant breached the contract. The Fifth Circuit has explained that a "claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached." *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014). Plaintiffs have not identified a specific contractual provision or any facts to support their allegation that Defendant did not provide "proper[ ] notice." *See, e.g., Garrison v. Select Portfolio Servicing, Inc.*, No. 5:14-CV-337-DAE, 2014 WL 4187207, at *5 (W.D. Tex. Aug. 21, 2014) (dismissing breach of contract claim because plaintiff did "not

---

[2] Plaintiffs' claim also fails because no foreclosure sale has occurred. *Hurd*, 880 F. Supp.2d at 767 ("Since Plaintiff has failed to allege that she has lost possession of the property, her claim for trespass to try title fails.").

identify what provisions were breached or provide factual allegations about the terms ... of the contract").

Plaintiffs' assertion that Defendant violated Chapter 392 of the Texas Finance code also fails because Plaintiffs have not identified which statutory provision was violated or identified any facts to support their contention. Indeed, courts have repeatedly found that identical allegations failed to state a claim under the Texas Finance Code. *See, e.g., Pillow v. U.S. Bank Nat'l Ass'n as Tr. for GSMPS Mortg. Loan Tr. 2006-RP1*, No. 3:17-CV-1952-L-BH, 2018 WL 5722678, at *8 (N.D. Tex. July 18, 2018) (allegation that Defendant's "'failure to properly notice Plaintiffs violated multiple paragraphs of the Deed of Trust executed between Plaintiffs and the Original Lender and further violates Chapter 392 of the Texas Finance Code'" failed to state a claim), *adopted by*, 2018 WL 4233711 (N.D. Tex. Sept. 5, 2018).[3]

### E. Fraud

Plaintiffs raise a common-law fraud claim which alleges that:

> Defendant made misrepresentations and omissions of material facts to Plaintiffs regarding the ability to obtain a loan modification.
>
> These representations were material and induced Plaintiffs to do nothing until Plaintiffs received Notices of the Trustee's Sale.
>
> In addition, Defendant have presented documents showing they are the proper party to take such action against

---

[3] Although Plaintiffs have not stated a breach of contract claim, the record shows that Plaintiffs were in fact sent multiple letters explaining their default, giving them time to pay the past-due amount on their loan, outlining alternatives to foreclosure, and finally setting a foreclosure sale (Dkt. Nos. 1-3 at 2, 19-6, 19-7, 19-8). Thus, it appears that Defendant has complied with its notice obligations under the contract and applicable state law. *See generally Brinkley v. PennyMac Loan Servs., LLC*, No. 3:18-CV-383-G-BN, 2018 WL 6004309 (N.D. Tex. Oct. 22, 2018) (discussing notice requirements under Texas law); *Gossett v. Fed. Home Loan Mortg. Corp.*, 919 F. Supp. 2d 852, 862 (S.D. Tex. 2013).

> Plaintiffs which facts are false and material to the essence
> of the Trustee Sale Defendant is attempting to take

(Dkt. No. 1-3 at 3).

To establish a claim of fraud under Texas law, a plaintiff must show that: "(1) the defendant made a material misrepresentation; (2) the defendant knew the representation was false or made the representation recklessly without any knowledge of its truth; (3) the defendant ... intended to induce the [plaintiff's] reliance on the representation; and (4) the plaintiff suffered an injury by actively and justifiably relying on that representation." *Garrison*, 2014 WL 4187207, at *6 (citing *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 217 (Tex. 2011)). Fraud claims must also comply with the heightened pleading standard in Rule 9(b) of the Federal Rules of Civil Procedure, which provides that a plaintiff "must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b); *see also Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (explaining that Rule 9(b) "requires 'the who, what, when, where, and how' to be laid out").

Aside from stating in their petition that Defendant made misrepresentations "regarding the[ir] ability to obtain a loan modification," Plaintiffs have not specified what the alleged misrepresentations were, or provided any details concerning when or where they were made. Nor have Plaintiffs identified the "false" documents that Defendant allegedly presented, let alone pointed to facts showing that Defendant intended to induce Plaintiffs' reliance. Thus, Plaintiffs have failed to state a claim for fraud. *See, e.g., Pillow*, 2018 WL 5722678, at *7 (dismissing fraud claim where

9

plaintiffs failed to allege details of attempted loan modification or specifics about "communications with Defendant," "how these communications injured them," or any facts showing Defendant's intent).

IV. CONCLUSION

As this case presents no genuine issue of material fact, Defendant is entitled to judgment as a matter of law. Accordingly, Defendant's summary judgment motion (Dkt. No. 19) is **GRANTED**.

The Clerk is directed to administratively **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** January 14, 2020.

_Marina Garcia Marmolejo_
Marina Garcia Marmolejo
United States District Judge